# IN THE COURT OF APPEALS OF IOWA

No. 19-0247
Filed August 7, 2019

**IN THE INTEREST OF C.P.,**
**Minor Child,**

**E.P., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights to her minor child. **AFFIRMED.**

Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Tabor and Greer, JJ.

**POTTERFIELD, Presiding Judge.**

A mother appeals the termination of her parental rights to C.P., her minor child. The juvenile court terminated her parental rights to C.P. pursuant to Iowa Code section 232.116(1)(e) and (f) (2018).[1] She does not contest the statutory grounds on which the juvenile court terminated her parental rights. Instead, she only argues the juvenile court erred by placing C.P. in the guardianship of the Iowa Department of Human Services (DHS) instead of the guardianship of H.P., C.P.'s maternal aunt.

At the time of the termination hearing, C.P. was nine years old. He lived with the mother; the mother's significant other, E.P., whom C.P. had been led to believe was his biological father; and another child. C.P. first interacted with DHS in August 2016, after the mother tested positive for methamphetamine and amphetamines. In September 2016, the mother agreed to a safety plan under which she would only be at home during the day. She did not abide by the plan, and C.P. and the other child were each adjudicated a child in need of assistance in October 2016. The children were allowed to remain in E.P.'s custody under DHS supervision. C.P. and the other child were removed from E.P. and the mother's care in February 2017, but they were allowed to return to E.P.'s care after the juvenile court entered a no-contact order prohibiting E.P. from contacting the mother.

C.P. and the other child were removed from E.P.'s care and placed with H.P. in April 2018. H.P. is the former spouse of E.P.'s brother. During this time,

---

[1] The juvenile court also terminated the father's parental rights to C.P. under the same provisions of the Iowa Code. The father does not appeal.

DHS claims H.P. facilitated an unsupervised overnight visit between the mother and C.P. outside her home, although H.P. denies this visit occurred. Two months later, H.P. contacted DHS and notified the department she would no longer be able to care for the children because she no longer had the resources to do so.

The children were then moved to live with M.B. and J.B., grandparents of the other child. While placed with them, DHS reported the mother had visited C.P. in M.B. and J.B.'s home, and noted H.P., M.B., and J.B. had not been "able to keep the boundaries" between the mother and C.P. In October 2018, M.B. and J.B. informed DHS they could not care for C.P. or the other child. C.P. was placed in foster care, where he has remained.

A termination hearing was held on November 29, 2018. At the hearing, the mother conceded she could not care for C.P. due to her ongoing substance-abuse issues but argued guardianship with H.P. should be the ultimate resolution of the case, with phone contact permitted between the mother, C.P., and the other child. That same day, H.P. filed a letter to the juvenile court, requesting guardianship of C.P. The juvenile court issued a termination order on January 28, 2019, terminating the mother's parental rights to C.P., denying her request to place C.P. in H.P.'s guardianship, and placing C.P. in DHS's guardianship and custody in order to find permanent placement with a foster family. The mother appealed.

We review termination proceedings de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). "We are not bound by the juvenile court's findings of fact, but

we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791, N.W.2d 703, 706 (Iowa 2010).

On our de novo review, we conclude termination is proper. While the mother "seeks a reversal of the Juvenile Court Order terminating her parental rights," she does not dispute the statutory grounds on which her parental rights were terminated, argue termination is not in C.P.'s best interest, or point to any of the factors weighing against termination enumerated in section 232.116(3). Instead, she only argues the juvenile court abused its discretion by "failing to consider placement and guardianship of C.P. by H.P."[2]  The mother points to section 232.117, which contemplates what the juvenile court shall do after ordering the termination of parental rights, such as "transfer[ing] the guardianship and custody of the child to . . . [a] parent who does not have physical care of the child, other relative, or suitable person."

Because we affirm the termination of the mother's parental rights, we decline to address this argument. "'Termination of the parent-child relationship' means the divestment by the court of the parent's and child's privileges, duties, and powers with respect to each other." Iowa Code § 232.2(57).  Once parental rights have been terminated, a parent no longer has standing to challenge the child's placement. *See In re M.S.*, No. 17-0393, 2017 WL 2461901, at *1 n.2 (Iowa Ct. App. June 7, 2017) (declining to address a father's argument, raised at the termination hearing, that his children should have been placed with his

---

[2] On appeal, the State argued the mother had not preserved error on this issue because she had not referred to section 232.117 specifically during the termination hearing. The record reflects, however, that the mother did specifically request H.P. be given guardianship of C.P. at the termination hearing. We consider this issue preserved.

mother after his parental rights were terminated); *In re B.T.*, No. 17-0078, 2017 WL 1403641, at *2 (Iowa Ct. App. Apr. 19, 2017) (same); *In re K.A.*, 516 N.W.2d 35, 38 (Iowa Ct. App. 1994) ("The general rule is a party who is not aggrieved by a judgment or other final ruling has no right to appeal.").

**AFFIRMED.**